UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00504-MOC
(3:16-cr-00074-MOC-3)

| LAMANUEL WYNN, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon the Government's Motion to hold Lamanuel Wynn's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433. (Doc. No. 3.) Wynn is proceeding pro se. Pursuant to this Court's Local Rules, he had fourteen (14) days to respond to the Government's Motion, see LCvR 7.1(E), which he has not done.

Wynn pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and brandishing a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). J., United States v. Wynn, No. 3:16-cr-00074-MOC-3 (W.D.N.C. entered Dec. 2, 2016), Doc. No. 193. He was sentenced to 46 months of imprisonment for the Hobbs Act count and 84 months of imprisonment for the firearm count, with the sentences to run consecutively. Id.

Wynn challenges his conviction under § 924(c), as well as the sufficiency of the indictment. He argues that pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and, therefore, his conviction under § 924(c) is invalid because a Hobbs Act robbery does not qualify as a "crime of

1

violence." Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," but it did not address the residual clause under § 924(c)(3)(B). See Johnson, 135 S. Ct. at 2563.

In Ali, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c)(3)(B) unconstitutionally vague. Ali involves a Hobbs Act robbery conviction.

The Government contends that Ali may be dispositive of Wynn's argument in favor of relief and, therefore, moves this Court to hold Wynn's Motion to Vacate in abeyance pending a decision in that case. For the reasons stated in the Government's Motion, and in the absence of opposition from Wynn, the Court shall grant the Motion.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to hold Petitioner Lamanuel Wynn's § 2255 Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**, and this matter is **HELD** in abeyance pending a decision by the Fourth Circuit in United States v. Ali, No. 15-4433. After issuance the mandate in Ali, the Government shall have 60 days to Answer or otherwise respond to the § 2255 Motion.

Signed: October 16, 2017

Max O. Cogburn Jr
United States District Judge